# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-504

**STEPHEN MICHAEL "DUKE" ALLGOOD, ET UX.**

**VERSUS**

**ROCH BORDELON, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2009-3899-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ON REHEARING

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of James T. Genovese, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.

**REHEARING GRANTED AND CASE REMANDED.**

**Howard Battle Gist, III**
**The Gist Law Firm, APLC**
**P. O. Box 13705**
**Alexandria, LA 71315**
**(318) 448-1632**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Avoyelles Parish School Board**

**Rodney Marchive Rabalais**
**Attorney at Law**
**P. O. Box 447**
**Marksville, LA 71351**
**(318) 253-4622**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Roch Bordelon**

**Victor Herbert Sooter**
**Sooter & Associates**
**P. O. Box 1671**
**Alexandria, LA 71309**
**(318) 448-8301**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Stephen Michael "Duke" Allgood**
    **Patricia Allgood**

**GREMILLION, Judge.**

The Plaintiffs/Appellants and Defendant/Appellee, the Avoyelles Parish School Board, have requested rehearing of our original opinion, *Allgood v. Bordelon*, 15-504 (La.App. 3 Cir. 12/9/15), ___ So.3d ___. For the reasons that follow, we grant rehearing.

The Plaintiffs/Appellants assert that our judgment was deficient in that we failed to award expert witness fees for the testimonies of the treating physicians. The Plaintiffs/Appellants introduced the deposition testimonies of five health care providers. They request that we award $1,000.00 each for four and $750.00 for one. The record contains no evidence regarding the amounts Plaintiffs/Appellants were charged for these depositions. We have long held, though, that the trial court retains jurisdiction to fix these costs, and the trial court is where they should seek redress. *Muirhead v. Transworld Drilling Co.*, 469 So.2d 474 (La.App. 3 Cir. 1985). In accordance with the *Muirhead* case, we remand the matter to the trial court for the purpose of fixing the expert witness costs.

The Avoyelles Parish School Board objects to our judgment awarding future medical expenses to Mr. Allgood without ordering that the award for future medical expenses be placed into a reversionary trust pursuant to La.R.S. 13:5106(B)(3)(a). The provisions of the statute do not constitute an affirmative defense and do not have to be specifically pleaded. *Mitchell v. State, Dep't of Transp. & Dev.*, 596 So.2d 353 (La.App. 3 Cir.), *writ denied*, 600 So.2d 680 (1992). We therefore grant rehearing to the Avoyelles Parish School Board and order that a reversionary trust be created to pay Mr. Allgood's medical care and related expenses directly to his medical providers.

In all other respects, the applications for rehearing are denied.